UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIK SHABAZZ, | ) CASE NO. 1:05 CV 1115 |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| CITY OF EAST CLEVELAND, | ) MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) |

On May 3, 2005, plaintiff pro se Malik Shabazz filed the above-captioned action under 42 U.S.C. § 1983 against the City of East Cleveland. The complaint alleges that plaintiff was subjected to adverse conditions of confinement while incarcerated at the East Cleveland Jail. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental entity or officer, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §1915A

As a threshold matter, plaintiff has not set forth allegations of exhaustion as required by 42 U.S.C. § 1997e. <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir. 1998).

Further, it is well-established that section 1983 will not support a claim based upon a theory of <u>respondeat superior</u> alone. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Municipalities may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978). <u>Monell</u> extends to patterns of misconduct in which the supervisor acquiesced. <u>Hays v. Jefferson County, Ky.</u>, 668 F.2d 869 (6th Cir. 1982). <u>See also</u>, <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the supervisor encouraged the specific misconduct or in some way directly participated in it).

There are no allegations reasonably suggesting that defendant established policies or customs resulting in the violation of plaintiff's constitutional rights. See <u>Salehpour v. University of Tennessee</u>, 159 F.3d 199, 206 (1998) (liability must be based on more than right to control employees); <u>see also</u> <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1246 (6th Cir. 1989) (supervisory liability under § 1983 must be based on <u>active</u>

unconstitutional behavior).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE